AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

United States of America      )
v.      )
     )   Case No.    4:10CR 595 JCH
KENNETH KIEL      )
*Defendant*      )

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of ☐ a federal offense    ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed - that is

   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

   ☐ an offense for which the maximum sentence is death or life imprisonment.

   ☐ an offense for which a maximum prison term of ten years or more is prescribed

_____ .*

   ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

   ☐ any felony that is not a crime of violence but involves:

     ☐ a minor victim

     ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

     ☐ a failure to register under 18 U.S.C. § 2250

☐ (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3)  A period of less than five years has elapsed since the    ☐ date of conviction    ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4)  Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1)  There is probable cause to believe that the defendant has committed an offense

   ☐ for which a maximum prison term of ten years or more is prescribed in _____ .

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

☐ under 18 U.S.C. § 924(c).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

☐ (2)    The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☒ (1)    There is a serious risk that the defendant will not appear.

☒ (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

The Court held a detention hearing on April 15, 2016. At the hearing, counsel represented Defendant. Defendant was provided a copy of the Pre-Trial Services Report dated April 13, 2016 and did not dispute the relevant factual findings in the report.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by    ☒  clear and convincing evidence    ☒  a preponderance of the evidence that

As this matter is a petition for revocation of supervised release, the burden is on Defendant to demonstrate by clear and convincing evidence that he is not a flight risk and does not pose a danger to the community. The
CONTINUE ON NEXT PAGE

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:        April 28, 2016                                    _Patricia L. Cohen_

                                                                            *Judge's Signature*

                                                        United States Magistrate Judge
                                                                            *Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## Part II – Statement of Reasons for Detention (continued)

petition for revocation describes the following as the basis for revocation of his supervised release: On March 25, 2016, Defendant was involved allegedly in an altercation with an individual on a Wal-Mart parking lot. According to the victim, Defendant struck the victim with his fist. The State of Missouri charged Defendant with two counts of Assault 3rd.

At the time of the incident, Defendant was accompanied by his girlfriend, who, in 2013 was convicted of aggravated identity theft and served thirty-four months in the Bureau of Prisons. Defendant's probation officer had previously directed Defendant not to have contact with his girlfriend.

Defendant is 48 years old. He has a very extensive criminal history beginning at the age of 18. Defendant appears to have over 20 felony convictions and numerous misdemeanor convictions. Periods of probation and parole have been revoked multiple times. In his underlying case, the court revoked Defendant's supervised release in 2014 after he was charged with three State felonies. In addition to his convictions, Defendant has been arrested many times. There is currently an active warrant for his arrest.

Defendant has unquestionably demonstrated that he is not amenable to supervision. He has also failed to demonstrate that he is not a danger to the community or that he is not a flight risk. There is no condition or combination of conditions that will reasonably assure: (1) Defendant's appearance; and (2) the safety of the community.